# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

**JUNE SESSION, 1997**

**FILED**

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9608-CC-00335 |
|---|---|---|
| Appellee, | ) | |
| | ) | DICKSON COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. ALLEN W. WALLACE, JUDGE |
| ROBERT MOORE, | ) | |
| | ) | |
| Appellant. | ) | (Community Corrections Revocation) |

## SEPARATE OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur in all parts of Judge Barker's well-written opinion, except as to that portion which remands this case to the trial court for a new sentencing hearing, to which part I respectfully dissent. The Defendant in this case did not dispute the trial court's termination of Defendant's placement in the Community Corrections Program. The sole issue on appeal, as specifically phrased by the Defendant, is "can the trial court deny the Defendant credit for time actually served in a community based alternative to incarceration upon revocation of that sentence?"

In the trial court, the State did not request the court to increase Defendant's sentence, which the trial court was entitled to do upon a full sentencing hearing after considering enhancement and mitigating factors. Instead, the Assistant District Attorney General succinctly set forth her request as follows: "The State's position is just go ahead and violate him. I like the way

the Judge does in these situations, you know, maybe put him in County Jail for about a year and put him back on Community Corrections and see what he will do."

On appeal, the State did not submit in a separate issue that the trial court erred by failing to increase Defendant's sentence. It is correct that the State does not need to file a separate notice of appeal in order to raise a sentencing issue when the Defendant has appealed to this court. <u>State v. Russell</u>, 800 S.W.2d 169, 170-72 (Tenn. 1990). However, under applicable appellate rules, the State must still specify an issue for appellate review, submit supporting argument, and identify appropriate relief. <u>State v. Hayes</u>, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994).

The trial court could have considered an increase in the Defendant's sentence, but declined to do so. The State did not urge in the trial court or in this court that the sentence should be increased. Mentioned in this record, and conceded to by the Defendant, is the fact that he is <u>not</u> entitled to credit for time in which he may have been in an "absconded" status while sentenced to the Community Corrections Program. I agree that the language of Tennessee Code Annotated section 40-36-106(e)(4) supports the proposition that Defendant is not entitled to credit for time periods in which he was in an "absconded" status from the Community Corrections Program.

Since the issue of whether or not to increase Defendant's sentence was not addressed on appeal, I am of the opinion that this case should be remanded to the trial court for a new hearing limited to the sole purpose of

determining the amount of credit to which Defendant is entitled by statute for time actually served in the Community Corrections Program.

_____
THOMAS T. WOODALL, Judge